OPINION
{¶ 1} On December 19, 2003, the Delaware County Grand Jury indicted appellant, Ehsan Mahalati, on two counts of felonious assault in violation of R.C. 2903.11, two counts of aggravated burglary in violation of R.C. 2911.11, one count of attempted kidnapping in violation of R.C. 2905.01 and one count of possessing criminal tools in violation of R.C. 2923.24.
 {¶ 2} On June 10, 2004, appellant pled guilty to the two counts of felonious assault. The remaining counts were dismissed. By judgment entry on sentence filed October 12, 2004, the trial court sentenced appellant to eight years in prison on one count and a maximum of five years of community control on the second count.
 {¶ 3} On October 11, 2005, appellant filed a petition for postconviction relief. On November 2, 2005, the state filed a motion for summary judgment, seeking to dismiss the petition. By entry filed April 4, 2006, the trial court denied the petition and granted the state's motion for summary judgment.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "DEFENDANT WAS DENIED DUE PROCESS OF LAW, AS GUARANTEED BY FOURTEENTH AMENDMENT, WHEN THE TRAIL (SIC) COURT DENIED HIS PETITION FOR POST CONVICTION RELIEF WITHOUT CAUSE OR REASON."
 II {¶ 6} "DEFENDANT WAS SENTENCED IN AN UNCONSTITUTIONAL SYSTEM IN WHICH, A JUDGE, NOT A JURY, FOUND SENTENCE ENHANCING FACTS."
 III {¶ 7} "IMPOSITION OF MORE THAN THE MINIMUM SENTENCES ON DEFENDANT, A FIRST-TIME OFFENDER, BASED ON FACTS NOT FOUND BY A JURY OR ADMITTED TO BY THE DEFENDANT VIOLATED HIS RIGHT AS GUARANTEED BY THE SIXTH AMENDMENT."
 IV {¶ 8} "IMPOSITION OF CONSECUTIVE SENTENCES BASED ON FACTS NOT FOUND BY A JURY NOR ADMITTED BY THE DEFENDANT VIOLATED HIS RIGHTS GUARANTEED BY THE SIXTH AMENDMENT."
 I {¶ 9} Appellant claims the trial court erred in denying his petition for postconviction relief. Specifically, appellant claims the trial court erred in failing to conduct a hearing or issue findings. We disagree.
 {¶ 10} Appellant's petition was not timely filed based upon the statutory language set forth in R.C. 2953.21(A)(2) which states the following:
 {¶ 11} "(2) Except as otherwise provided in section 2953.23
of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 12} Appellant's petition was filed more than one hundred eighty days after the trial transcripts were filed. In the event of an untimely filing, the petition must meet the following criteria:
 {¶ 13} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 14} "(1) Either of the following applies:
 {¶ 15} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 16} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 17} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 18} Appellant argues recent cases by the United States Supreme Court are sufficient reason for the untimely filing. See,United States v. Booker (2005), 543 U.S. 220; Blakely v.Washington (2004), 542 U.S. 296. However, this argument fails because appellant cannot seek retroactive application of these decisions as his case was not pending on direct review. Booker,
at 268.
 {¶ 19} Upon review, we find the procedures employed by the trial court were statutorily correct.
 {¶ 20} Assignment of Error I is denied.
 II {¶ 21} Appellant claims he was sentenced under an unconstitutional system pursuant to Booker, supra, Blakely,
supra, and Apprendi v. New Jersey (2000), 530 U.S. 466. In an August 16, 2006 supplemental authority to this court, appellant cites the case of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, seeking resentencing. We disagree with appellant's arguments herein.
 {¶ 22} This matter involves a denial of a petition for postconviction relief, not a direct appeal. As a result, it is not subject to the resentencing remand of Foster:
 {¶ 23} "As the Supreme Court mandated in Booker, we must apply this holding to all cases on direct review. Booker,543 U.S. at 268, 125 S.Ct. 738, 160 L.Ed.2d 621, quoting Griffith v.Kentucky, 479 U.S. at 328, 107 S.Ct. 708, 93 L.Ed.2d 649. ('A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases * * * pending on direct review or not yet final')." Foster, at ¶ 106.
 {¶ 24} Assignment of Error II is denied.
 III, IV {¶ 25} These assignments advance arguments pursuant toFoster. As a result of our decision in Assignment of Error II, they are moot.
 {¶ 26} Assignment of Errors III and IV are denied.
 {¶ 27} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
Farmer, J. Wise, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.